IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RICHARD WAYNE WOOTEN,<br>Plaintiff, | § § § § | |
| v. | § | Civil Action No. 4:14-CV-936-Y-BL |
| | § § § | |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | § § § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Richard Wayne Wooten seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), who denied his application for a period of disability (POD) and disability insurance benefits (DIB) under Title II of the Social Security Act (Act). The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case be dismissed.

## I. STATEMENT OF THE CASE

Plaintiff filed his application for a POD and DIB on October 19, 2011, alleging disability beginning on January 1, 2010. His application was denied initially December 15, 2011, and again upon reconsideration March 12, 2012. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on December 6, 2012. The ALJ issued his decision on August 27, 2013, finding Plaintiff not disabled.

More specifically, the ALJ found:

Plaintiff met the last insured status requirements on March 31, 2010. Tr. 33.

1

Plaintiff had not engaged in substantial gainful activity since his alleged onset date. *Id.*

Through the date last insured, Plaintiff had the following medically determinable impairments: history of chronic obstructive pulmonary disease, depressive disorder NOS (not otherwise specified), anxiety disorder NOS, and substance addiction disorder. *Id.*

Through the date last insured, Plaintiff did not have an impairment or combination of impairments that would be expected to interfere with his ability to perform basic work-related activities irrespective of age, education, or work experience; and therefore, the claimant did not have a severe impairment or combination of impairments. Tr. 33–37.

Accordingly, the ALJ found Plaintiff not disabled under the Act. Tr. 37. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review on September 22, 2014. Tr. 1–7. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to his pleadings and testimony at the administrative hearing, Plaintiff was forty-nine years old at the time of his hearing. He possesses a GED, and has worked in the past as a cabin equipment supervisor and an interior assemblies installer. Pl.'s Br. 1. As a result of the chemicals he had to work with in the upholstery industry, Plaintiff developed several health problems. These problems were exacerbated by Plaintiff's existing breathing difficulties and COPD, which he contracted after an accident during his time in the Navy. A fuel tank exploded and Plaintiff ingested jet fuel into his lungs and stomach. Tr. 51. Plaintiff ultimately had to have one lung removed. *Id.* Plaintiff also alleges he developed psychological impairments from this accident. He claims the combination of these physical and mental impairments render him disabled

under the Act.

### III. STANDARD OF REVIEW

A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in [A]ppendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial

evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

### IV. DISCUSSION

Plaintiff brings three issues before the Court. First, he claims the ALJ failed to properly weigh the medical evidence and erred by not finding any of Plaintiff's impairments "severe" at step two of the five-step analysis. Second, he claims the ALJ failed to properly evaluate Plaintiff's own credibility. Finally, Plaintiff alleges remand is warranted based on new evidence submitted to the Appeals Council.

#### A. Step Two Severity

At step two, the ALJ must determine whether the claimant has a medically severe impairment or combination of impairments. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1991). The Court of Appeals for the Fifth Circuit in *Stone v. Heckler*, "set out the correct legal standard to use for determining 'nonseverity,' and held that it will be assumed that the wrong standard was applied unless the correct standard is set forth by reference to [*Stone*] or another [judicial opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit] gives is used." *Lynch v. Shalala*, 19 F.3d 14 (5th Cir. 1994) (internal quotation marks omitted) (*per curiam*); *see*

*Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101 (5th Cir. 1985) (internal quotation marks omitted). The Fifth Circuit has made clear, however, there is no requirement for the "use of 'magic words' for compliance with *Stone*." *Lynch*, 19 F.3d 14 (citing *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986)). A court will remand "only where there is *no indication* the ALJ applied the correct legal standard." *Id.* (internal quotation marks omitted) (emphasis added).

> The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs. Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. Thus, these basic work factors are inherent in making a determination that an individual does not have a severe medical impairment.

SSR 85-28, 1985 WL 56856 (1985). Plaintiff alleges the ALJ erred in finding Plaintiff's impairment to be not severe. Plaintiff claims the opinions of psychiatrist Anthony Fornito, M.D., establish Plaintiff's mental impairments were severe. Plaintiff claims either Dr. Fornito's opinions should have been given controlling weight, or the ALJ should have analyzed Dr. Fornito's opinions in light of the factors listed in SSR 96-2p. Pl.'s Br. 9–13. Defendant maintains the ALJ properly weighed Dr. Fornito's opinions, and properly concluded Plaintiff did not have a severe mental impairment.

The ALJ began his severity analysis by reciting the examples of basic work activities listed in SSR 85-28. Tr. 33–34. He noted his consideration of "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 [C.F.R. §] 404.1529 and SSRs 96-4p and 96-7p."

Tr. 34. The ALJ also stated he "considered opinion evidence in accordance with the requirements of 20 [C.F.R. §] 404.1527 and SSRs 96-2p, 96-5p[,] and 06-3p." Tr. 34. The ALJ then canvassed the medical records and findings relating to "the relevant period, the alleged onset date of January 1, 2010, through the date last insured of March 31, 2010." Tr. 34.

These records and findings included a visit to Dr. Fornito. Apparently, Plaintiff had attempted suicide and subsequently went in for a visit on March 26, 2010. Plaintiff had been in the habit of drinking "a fifth of whiskey a day," but had not had any alcohol for the week prior to the visit. Tr. 35. Dr. Fornito's mental status examination showed no psychomotor abnormalities, revealed Plaintiff's speech was at a normal rate, volume, tone, and rhythm, and indicated Plaintiff's mood was depressed but congruent. Tr. 35. The ALJ further noted in regard to Dr. Fornito's findings:

> [Plaintiff's] thought process was coherent and goal-directed. The claimant was oriented to date, place and person. His concentration was intact and attention good. His intelligence was judged above average and judgment fair. The claimant was diagnosed with depressive disorder NOS, an anxiety disorder NOS, and alcohol dependence in early remission. Dr. Fornito assigned a GAF of 45. Zoloft and Trazodone were prescribed. The claimant was screened for posttraumatic stress disorder (PTSD). He was found not to meet the criteria for [PTSD]. He had had trauma and trauma related illness but did not appear to have the full criteria for PTSD.

Tr. 35 (citations omitted); *accord* Tr. 419. The ALJ noted subsequent medical records from Plaintiff's interactions with several professionals, including nurses, social workers, and psychiatrists, as part of his mental health treatment. Tr. 35–36. The ALJ noted both how Plaintiff primarily reported positive progress to each professional, and how the objective findings of the medical professionals, including Dr. Fornito, indicated that Plaintiff's mental limitations did not rise to the level that it would be expected they would interfere with his ability to complete basic work-related activities. Tr. 33–36.

One piece of evidence, comprised of both objective and opinion evidence, is a medical

source statement and psychiatric impairment questionnaire dated January 23, 2012. Tr. 549–56. As the ALJ recounted, Dr. Fornito "opined the claimant was markedly limited in 7 out of 20 mental functions." Tr. 36 (internal quotation marks omitted). Another piece of opinion evidence from Dr. Fornito was completed on December 13, 2012. Tr. 779. Dr. Fornito opined that Plaintiff was "totally disabled without consideration of any past or present drug and/or alcohol use." Tr. 779. The ALJ gave Dr. Fornito's December 2012 opinion little weight as it was inconsistent with the objective findings throughout the record. Tr. 36. The ALJ noted there was no indication the December 2012 opinion was made in reference to the relevant period, which had been closed for more than two years and a half years. Tr. 34, 36. Finally, Dr. Fornito's opinion was inconsistent with his own objective findings and treatment notes. In any event, the ultimate decision whether a claimant is disabled is not one for a physician to make; it is a legal determination for the Commissioner alone to make. *See, e.g., Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

In considering Dr. Fornito's opinions, and the other opinions on the record, the ALJ considered the four broad functional areas set out in the regulations employed when considering mental impairments: activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. Tr. 36. The ALJ considered Plaintiff's own testimony at the hearing, as well as Plaintiff's accounts given to medical professionals and the observations of medical professionals themselves. The ALJ found all four factors weighed against a finding of severe disability. Plaintiff was able to take care of his personal needs, he could interact with family and friends, he could engage in contract work, and he had experienced no episodes of decompensation. Tr. 36. The ALJ rightly weighed the opinions in the record, including Dr. Fornito's opinion, and assigned them appropriate weight. The ALJ was well within his ambit to disregard Dr. Fornito's opinion that Plaintiff was totally disabled. The ALJ was also justified in surveying the objective medical evidence, including Dr. Fornito's objective findings, and

determining that in all it suggested that Plaintiff's mental impairments, while they may be medically determinable, were not expected to interfere with Plaintiff's ability to perform basic work-related activities. Accordingly, the ALJ employed the proper legal standard, and substantial evidence supports his conclusions as to the severity of Plaintiff's impairments.

## B. Plaintiff's Credibility

In determining a claimant's RFC, the regulations require the ALJ to first determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. Once that is determined, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. *See generally* 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929. When statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by the objective medical evidence, the ALJ must make a credibility determination of the statements based on a consideration of the entire case record. The ALJ's credibility determination will include the following factors: a claimant's daily activities; the location, duration, frequency, and intensity of a claimant's pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication a claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, a claimant has received; any measure a claimant has used to relieve pain or other symptoms; and other factors concerning a claimant's functional limitations and restrictions caused by pain or other symptoms. 20 C.F.R. §§ 404.1529(c), 416.929(c). "Failure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of the subjective symptoms and complaints requires reversal and remand." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (citing *Hayes v. Celebrezze*, 311 F.2d 648, 653–54 (5th Cir. 1963)); *see also* SSR 96-7p, 1996 WL 374186

(July 2, 1996) (The ALJ must "make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects."). Nonetheless, the ALJ has discretion in making his credibility determinations, and "[h]ow much pain is disabling is a factual determination for the ALJ." *Adams v. Astrue*, 340 F.App'x 219, 221 (5th Cir. 2009) (unpublished) (*per curiam*); *see also Carrier v. Sullivan*, 944 F.2d 243 (5th Cir. 1991). An ALJ need not explicitly list each factor; instead what is required is findings that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p.

Here, the ALJ did not spell out each of the seven factors in obvious, sequential order. Nonetheless, Plaintiff's allegation that his credibility was insufficiently analyzed is inaccurate. The ALJ thoroughly considered Plaintiff's activities of daily living. Tr. 34 (Plaintiff "appears to have maintained a significant amount of daily activities"); Tr. 35 (at an out-of-town camping trip); Tr. 36 (in the "functional area [of] activities of daily living . . . the claimant had no limitation. The claimant reported he was able to [take] care of his personal needs.").

The ALJ discussed the location, duration, frequency, and intensity of Plaintiff's pain or other symptoms. Tr. 35 (noting Plaintiff undergoing screening for PTSD); Tr. 35 (noting Plaintiff denied suicidal ideation or intent); Tr. 35 (again noting no suicidal thoughts); Tr. 35 (reporting feeling good approximately one month, and then two months after his alleged suicide attempt); Tr. 36 (reporting no longer feeling depressed).

The ALJ discussed precipitating and aggravating factors of Plaintiff's impairments. *See, e.g.*, Tr. 35 (noting the effects alcohol had on the depression medication).

The ALJ discussed the type, dosage, effectiveness, and side effects of Plaintiff's medication. Tr. 35 (noting cessation of Zoloft "because of feeling numb and not [being] able to function on it"); Tr. 35 (noting Plaintiff taking Celexa "and feeling well"); Tr. 36 (noting Plaintiff's

claim that "he stopped his Zoloft and Trazodone as he 'couldn't stand the way they make me feel.'").

Finally, the ALJ discussed treatment, other than medication, Plaintiff had received. Tr. 35 (listing visits Plaintiff had with a social worker in attempt to combat suicidal ideation and intent); Tr. 36 (noting Plaintiff was "slowly reducing his alcohol usage.").

In sum, then, it cannot be said that the ALJ failed to evaluate Plaintiff's credibility. That the ALJ did not list the SSR 96-7p factors in overt, sequential fashion is of no moment. What is required is a discussion of the factors which is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p. The Court finds the ALJ's opinion sufficiently complies with this requirement.

### C. New Evidence

Plaintiff claims the Appeals Council failed to consider new evidence submitted to it after the ALJ issued a decision. A social security claimant is not prohibited from submitting medical evidence even after the ALJ has issued a written decision. *See, e.g., Carry v. Heckler*, 750 F.2d 479 (5th Cir. 1985). A claimant can appeal the ALJ's decision to the Appeals Council, which

> will review a case if . . . new and material evidence is submitted[.] [T]he Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970. "For new evidence to be material, there must exist the reasonable possibility that it would have changed the Secretary's determination." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). Put another way, "implicit in the materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-

acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Hunter v. Astrue*, 283 F.App'x 261, 262 (5th Cir. 2008) (unpublished) (*per curiam*) (quoting *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985).

Plaintiff alleges a new piece of evidence was submitted to the Appeals Council, namely a second psychiatric impairment questionnaire completed by Dr. Fornito. Pl.'s Br. 17. Therein, Dr. Fornito opined that Plaintiff's symptoms first began approximately in 2009. Tr. 787 (When prompted by a question which reads, "In your best medical opinion, what is the earliest date that the description of symptoms and limitations in this questionnaire applies?" Dr. Fornito wrote, "~ 2009"). Plaintiff claims this is new information because in relation to Dr. Fornito's first questionnaire, the ALJ had earlier noted, "Dr. Fornito did not indicate that his opinion was pertinent or relevant to the period prior to the date last insured." Tr. 36.

Still, as noted *supra* Part IV.A., the ALJ found many other reasons why Dr. Fornito's opinion that Plaintiff was disabled to be entitled to no more than little weight. That is, even if the ALJ had considered Dr. Fornito's first questionnaire to be applicable to the relevant time period, the ALJ is still justified in his conclusions as to the severity of Plaintiff's mental impairments. Whether Dr. Fornito's opinion that Plaintiff was disabled was applicable to the relevant time period or not, such opinion is still not dispositive. The ultimate disability determination remains the Commissioner's. *Frank*, 326 F.3d 620.

Furthermore, Plaintiff concedes Dr. Fornito's "new evidence" was "not significantly different from [the evidence] detailed in the first questionnaire." Pl.'s Br. 17. This undercuts her argument, which acknowledges new evidence must be "so inconsistent with the ALJ's findings that it undermines the ultimate disability determination." Pl.'s Br. 16.

In the end, review of the record shows that substantial evidence supports the ALJ's determinations in this case. *See Perales*, 402 U.S. 389. As such, the Commissioner's decision is

conclusive and must be upheld. *Id.* at 390.

## V. CONCLUSION

Plaintiff brings three issues before the Court on appeal. No issue persuades. Considering the foregoing, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED**.

Dated February 25, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE